UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OVIDIO ALEXANDER CASTRILLON-GARCIA, A-240-401-391,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-06277 DC AC

FINDINGS & RECOMMENDATIONS

Petitioner, an immigration detainee proceeding through appointed counsel, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE"). ECF No. 11. He claims his prolonged detention without a bond hearing violates his procedural due process rights under the Fifth Amendment. Id. at 7-10. Because petitioner's detention pursuant to 8 U.S.C. § 1226(c)(1)(E) for approximately eight months without a bond hearing is no longer within the brief, constitutionally permissible period contemplated by the U.S. Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), the undersigned recommends the petition be GRANTED and respondents be directed to provide petitioner a bond hearing before an immigration judge.

////

////

I. Factual Background

Petitioner is a native and citizen of Colombia. ECF No. 6-1 (Form I-213). He entered the United States at an unknown date and time and encountered immigration officials near Champlain, New York, on October 6, 2023, who detained him at the Buffalo Processing Center. Id. at 2. On December 6, 2023, he was released on a $5,000 bond. Id. Petitioner has resided in the United States since his release on bond and he was granted an I-765 employment authorization in July 2025. Id. at 3; ECF No. 1 at 6.

Relevant here, petitioner was arrested on February 18, 2026 by local authorities in New Jersey and subsequently indicated on theft and burglary charges. ECF No. 6-2 at 5-6. On March 12, 2026, ICE conducted a targeted enforcement operation and arrested petitioner on an I-200 warrant, cancelled his existing bond, and returned him to immigration detention. ECF No. 6-1 at 2-3. Apart from a conclusory assertion in respondents' August 18, 2026, motion to dismiss stating that "a custody re-determination hearing is scheduled for August 12, 2026" – a representation which petitioner vehemently disputes – there is no evidence in the record that petitioner has received a custody redetermination hearing before a neutral decision-maker at any time since his re-detention. ECF No. 6 at 3.

On May 20, 2026, an Immigration Judge ("IJ") denied petitioner's applications for relief and ordered him removed to Colombia. ECF No. 6-3. Petitioner timely appealed, and the BIA acknowledged receipt on June 18, 2026. ECF No. 6-4. The Executive Office for Immigration Review's Automated Case Information system confirms that the appeal remains pending.[1] The IJ's removal order is therefore not administratively final.

It is undisputed that petitioner's recent arrest for theft and burglary subjects him to detention pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii), which applies to an alien who is inadmissible

---

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited November 10, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

and "is arrested for . . committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting" offense. See ECF Nos. 6, 11, 13, 14; 8 U.S.C. § 1226(c)(1)(E)(ii). To date, however, the record reflects that petitioner has remained in ICE custody without a bond hearing since March 12, 2026 – over eight months – and he is currently detained at the California City Immigration Processing Center. ECF No. 1 at 6; ECF No. 11 at 3.

II. Procedural History

Proceeding pro se, petitioner filed a petition for writ of habeas corpus in August 2026 asserting "I have yet to receive a bond hearing since being detained" and seeking his release from custody. ECF No. 1 at 2, 7. The court liberally construed the pro se petition as asserting violations of petitioner's due process rights based on his prolonged detention without a bond hearing and revocation of release, and directed respondents to file a response that also substantively addressed whether there are any factual or legal issues that materially distinguish it from several of the court's prior orders, along with "petitioner's Form I-213 for each immigration encounter, any orders of release or detention, any custody warrants, notices, or decisions, and if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts." ECF No. 5.

Respondents filed a motion to dismiss petitioner's habeas petition, arguing that petitioner is subject to mandatory detention because his theft and burglary indictments satisfy 8 U.S.C. § 1226(c)(1)(E)(i)-(ii). ECF No. 6 at 3. Respondents argue that petitioner has no statutory right to a bond hearing. Id. Respondents further argue that the due process concerns of indefinite detention do not apply under 8 U.S.C. § 1226(c) because the conclusion of the removal proceedings will provide a "definite termination point" to his detention. Id. at 3 (citing Jennings v. Rodriguez, 583 U.S. 281, 304 (2018); Demore v. Kim, 538 U.S. 510 (2003)). Furthermore, respondents contend that petitioner's detention has not been prolonged because "[h]e has been detained for one month while he contests his removal." Id. at 4.

Given the complexity of legal issues involved, the court found that appointment of counsel to represent petitioner would best serve the interests of justice. ECF No. 7. With assistance of appointed counsel, petitioner filed an amended habeas petition on September 9,

2026, reiterating his claim that his detention since March 12, 2026, without any opportunity for a neutral decisionmaker to review whether his continued detention was lawful violates his procedural due process rights under the Fifth Amendment. ECF No. 11. Petitioner also pointed out that respondents erroneously claimed that petitioner had been detained for one month when he had been detained for over six months, and similarly, that respondents' representation that a custody redetermination hearing was "scheduled for August 12, 2026" was factually inaccurate. Id. at 2-3. Petitioner argued that his re-detention without a pre-deprivation hearing violated due process because no neutral decision maker had an opportunity to determine whether his new criminal arrest on unadjudicated charges constituted changed circumstances warranting his continued detention. Id. at 7-8 (citing Selis Tinoco v. Noem, 818 F. Supp. 3d 1141, 1150–54 (E.D. Cal. 2025); Labrador-Prato v. Noem, 815 F. Supp. 3d 1113, 1122–26 (E.D. Cal. 2025); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563, at *3–5 (E.D. Cal. Feb. 5, 2026); Orrego Pineda v. Chestnut, No. 1:26-CV-05998-DC-CKD (HC), 2026 WL 2321837, at *2 (E.D. Cal. Aug. 11, 2026)). Furthermore, petitioner contends that his current detention without a bond hearing will continue for an uncertain and indefinite period while the BIA adjudicates his appeal. As his current detention now exceeds the six-month benchmark identified by the Supreme Court as indicative of prolonged detention that should entitle a noncitizen to an individualized bond hearing in Zadvydas v. Davis, 533 U.S. 678, 701 (2001), petitioner asks the court to grant his request for habeas relief. Id. at 8; 6 (citing the balancing test for procedural due process set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

The government filed a brief in opposition on September 19, 2026, arguing that petitioner is "not entitled to any additional process beyond that statutory framework of 8 U.S.C. § 1226(c)(1)(E)" which does not supply a statutory right to a bond hearing. ECF No. 13 at 1. In response to petitioner's allegation that the length of his current detention without the prospect for a bond hearing violates due process, respondents cite to several decisions recognizing Congress's general authority to authorization civil immigration detention and argue that petitioner has not shown that application of the Laken Riley Act to his case constitutes a procedural due process violation. Id.

In his traverse, petitioner maintains that his claim arises under the Fifth Amendment, and he is not asserting an implied statutory hearing requirement. ECF No. 14 at 4. Petitioner also contends that each of the three Mathews factors favors relief on due process grounds. Id. at 9. By contrast, petitioner asserts that respondents have failed to apply Mathews, distinguish this court's re-detention decisions, justify the absence of any individualized hearing, or produce the custody record required by the court's briefing order. Id. at 13. On November 3, 2026, petitioner also filed a motion for leave to supplement the record and request for expedited disposition, reiterating that "[c]ounsel has confirmed with Petitioner that he did not appear before an immigration judge on August 12 for a detention bond hearing and received no notice that he was scheduled to appear." ECF No. 18 at 2.[2]

## III. Legal Standard

### A. 28 U.S.C. § 2241

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

### B. Due Process in Prolonged Immigration Detention

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," Reno v. Flores, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," Zadvydas, 533 U.S. at 690. The Supreme Court nevertheless has

[2] Petitioner also attached counsel's declaration attesting to these facts and identifying petitioner as the source of the reported facts, together with the EOIR case-status record. ECF No. 18-1. Because the court finds habeas relief appropriate on the record already before the court, it is unnecessary for the court to evaluate or rely upon counsel's declaration.

recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." Demore, 538 U.S. at 531; see also Carlson v. Landon, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure").

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

The authority to detain certain noncitizens already in the country pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1226(a) and 1226(c). Here, it is undisputed that petitioner has been detained pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii), which applies to an alien who is inadmissible and "is arrested for . . committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting" offense.

This court has consistently joined other district courts in concluding that the prolonged and indefinite detention of noncitizens pursuant to statutes mandating detention without a bond hearing can violate the Due Process Clause. See e.g., Abdul-Samed v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process' ") (quoting Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court rejected a facial challenge to mandatory detention under 8 U.S.C. § 1226(c). The Supreme Court upheld its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 526. The Supreme Court distinguished Zadvydas by emphasizing that mandatory detention under § 1226(c) has "a definite termination point" and "in the majority of cases it lasts for less than the 90 days . . . considered presumptively valid in

Zadvydas." Id. at 529. However, Justice Kennedy specifically noted that "a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Thus, while the Court in Demore did hold that § 1226(c) is facially constitutional, it did not hold, as respondents suggest, that detention under § 1226(c) cannot ever become unconstitutionally prolonged or subject to as-applied Fifth Amendment due process challenges. See, e.g., Singh v. Albarran, No. 1:26-CV-00940-DC-DMC, 2026 WL 392169, *6 (E.D. Cal. February 12, 2026) (granting habeas relief and ordering a bond hearing for a petitioner detained for twelve months pursuant to section 1226(c)); Garcia v. Warden, No. 1:26-cv-01386-DC-AC, 2026 WL 981170, *6 (E.D. Cal. April 13, 2026) (granting habeas relief and ordering a bond hearing for petitioner detained for twelve months pursuant to section 1226(c)). Accordingly, the question before the court is whether petitioner's eight-month detention has become unconstitutionally prolonged.

The Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), but it has recognized that "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)" based on due process and noted that "[a]ccording to one such court order, the 'prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022) (citation omitted), vacated on other grounds, —— U.S. ——, 144 S. Ct. 1339 (2024). Although the Ninth Circuit has not decided that question, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). This Court shares those doubts, and will therefore analyze whether a due process violation has resulted from the length of petitioner's detention without a bond hearing in this case.

IV. Discussion

As discussed above, the Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary. See Zadvydas, 533 U.S. at 693. Because petitioner has a protected liberty interest, the court must determine the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, district courts within the Ninth Circuit (given the dearth of guidance on the issue) have applied various balancing tests. Here, the court finds the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976) appropriate. See Rodriguez Diaz v. Garland, 53 F. 4th 1189, 1206–07 (9th Cir. 2022) (applying the Mathews test to a procedural due process challenge to a detention under8 U.S.C. § 1226, explaining that “Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context”); Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context); Labrador-Prato v. Noem, No. 1:25-cv-01598-DC-SCR, 815 F.Supp.3d 1113, 1121 (E.D. Cal. December 2, 2025) (applying Mathews test to evaluate whether petitioner’s prolonged detention violated due process under section 1226(c)). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government’s interest. 424 U.S. at 335.

Turning to the first Mathews factor, petitioner has a private interest in remaining free from detention. “Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects.” Zadvydas, 533 U.S. at 690. Here, it is undisputed that petitioner was previously released by DHS on bond to live and work in the interior of the United States on December 6, 2023. ECF No. 6-1 (Form I-213). Petitioner resided and worked in the United States for approximately twenty-seven months before his re-detention. Id. at 3; ECF No. 1 at 6. Petitioner’s private interest to remain free from detention weighs in favor of granting him due process.

The second Mathews factor, the risk of erroneous deprivation to petitioner and the probable value of any additional procedures, also weighs in petitioner’s favor. See A.E. v.

Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). As discussed above, there is no evidence in the record before the court that petitioner has been afforded any opportunity to contest the lawfulness of his detention. Furthermore, because the government contends that petitioner is subject to mandatory detention, it appears undisputed that petitioner's only available process is through a habeas petition. Under such circumstances, the risk of erroneous deprivation of petitioner's liberty is high and "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." A.E., 2025 WL 1424382, at *5. A bond hearing before an immigration judge would serve to mitigate the risk of erroneous deprivation because it would require the government to establish that petitioner presents a flight risk or danger to the community if released. E.C. v. Noem, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025).

Turning to the third Mathews factor, the court acknowledges the government has an interest in the steady enforcement of its immigration laws as well as protecting the public from noncitizens who have been determined to be dangerous but also recognizes that the government's interest in detaining petitioner without any procedural protections is substantially "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094. In addition, limiting detention to noncitizens who are shown to be dangerous or a flight risk serve the government's and the public's interest by limiting "the fiscal and administrative burdens attendant to immigration detention." E.C., 2025 WL 2916264, at *11; see also Hernandez v. Sessions, 872 F.3d 976, 996 (9th Cir. 2017) (noting the "staggering" costs to the public of immigration detention).

On balance, the court finds that the Mathews factors weigh in favor granting petitioner's requested relief with respect to his "as applied" procedural due process claim. The Ninth Circuit recently noted that it is the government that bears the burden of proof at a bond hearing where the

petitioner is detained pursuant to § 1226(c).[3] Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). Because the court finds that habeas relief is warranted on petitioner's procedural due process claim based upon the prolonged nature of his detention without a bond hearing, it is unnecessary to consider his alternative arguments or supplement the record with his counsel's declaration. See ECF No. 18.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 11) be GRANTED;
2. Respondents' motion to dismiss (ECF No. 6) be DENIED;
3. Respondents be ordered to provide petitioner with a constitutionally adequate bond hearing before an immigration judge within fourteen (14) days at which respondent must justify petitioner's continued detention by clear and convincing evidence. In the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge should consider petitioner's financial circumstances and alternative conditions of release.
4. Petitioner's Motion for Leave to Supplement the Record and Request for Expedited Disposition be DENIED as unnecessary.
5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local

---

[3] See also Carballo v. Andrews, No. 1:25-cv-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (ordering the government to provide a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of proof); S.E. v. Noem, No. 1:26-CV-00356-DAD-SCR, 2026 WL 206085, at *4 (E.D. Cal. Jan. 27, 2026) (ordering government to provide a bond hearing to § 1226(c) detainee where the government bears the burden of proof).

Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE